**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| Mary Reynolds and Thomas Reynolds, | Civil Action No.: 3:15-cv-671 |
| Plaintiffs, | |
| v. | |
| Exeter Finance Corp., | **COMPLAINT** |
| Defendant. | |

For this Complaint, the Plaintiffs, Mary Reynolds and Thomas Reynolds, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiffs, Mary Reynolds and Thomas Reynolds ("Plaintiffs"), are adult individual residing in Overland Park, Kansas, and each is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Exeter Finance Corp. ("Exeter"), is a Texas business entity with an address of 222 Las Colinas Boulevard W, Suite 1800, Irving, Texas 75039-5438, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. Within the last year, Exeter contacted Plaintiffs in an attempt to collect a consumer debt allegedly owed by Plaintiffs.

6. The calls were placed to Plaintiffs' cellular phones, numbers 913-xxx-5652 and 913-xxx-3784.

7. The calls were placed from telephone number 800-321-9637.

8. When Plaintiffs answered the calls from Exeter, they were met with a period of silence followed by an automated click at which point the call was transferred to an Exeter operator.

9. The foregoing is indicative of a predictive dialer, an automated telephone dialing system (ATDS) under the TCPA.

10. In or around September 2014, Plaintiffs directed Exeter to cease placing automated calls to them.

11. Nonetheless, the calls continued at a repeated and harassing rate.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

12. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein and within the last four years, Defendant called Plaintiffs on their cellular telephones using an automatic telephone dialing system ("ATDS" or "Predictive Dialer").

14. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials

consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

15. Defendant's telephone systems have all the earmarks of a Predictive Dialer.

16. When Plaintiffs answered Defendant's calls, they were met with a period of silence before Defendant's telephone system would connect them to the next available representative.

17. Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18. Defendant contacted Plaintiffs by means of automatic telephone calls to their cellular phones knowing that Plaintiffs did not wish to receive automated calls. As such, each call placed to Plaintiffs was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19. The calls from Defendant to Plaintiffs were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

21. Plaintiffs are entitled to an award of $500.00 in statutory damages for each call placed in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiffs are entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 2, 2015

Respectfully submitted,

By */s/ Jenny DeFrancisco*

Jenny DeFrancisco, Esq.
CT Bar # 43283
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: jdefrancisco@lemberglaw.com
Attorneys for Plaintiffs